JUDGE LASNIK

_____ FILED        _____ ENTERED
_____ LODGED       _____ RECEIVED

**JUN 29 2001**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

CR 01-00249 #00000003

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

UNITED STATES OF AMERICA,                      )
                                               )
                        Plaintiff,             )
                                               )     № CR01–249L
            v.                                 )
                                               )     PLEA AGREEMENT
INTREX HELICOPTERS, INC.,                      )
                                               )
                        Defendant.             )
_____)

COME NOW the Plaintiff, United States of America (the "United States" or "Government"), by and through its counsel, Francis J. Diskin, United States Attorney for the Western District of Washington, and Thomas C. Wales and Robert Westinghouse, Assistant United States Attorneys for the District, and the defendant, INTREX HELICOPTERS, INC., and its counsel, Margaret M. Smith and Carlton F. Gunn, (collectively, the "Parties") and enter into the following Plea Agreement pursuant to Rule 11(e) of the Federal Rules of Criminal Procedure (the "Plea Agreement" or "Agreement")

    *1. The Charges* —INTREX HELICOPTERS, INC., agrees to plead guilty to a one-count Information charging a violation of Title 49, United States Code, Section 46316(a). By entering this plea of guilty, INTREX HELICOPTERS, INC, hereby waives any and all objections to the filed charges predicated on the form of the charging Information.

    *2. Maximum Penalty, Crime Victims Fund; Sentencing Guidelines*—INTREX HELICOPTERS, INC, understands that the maximum penalty that the Court may impose upon its

PLEA AGREEMENT/INTREX HELICOPTERS, INC. — 1

UNITED STATES ATTORNEY
601 Union Street, Suite 5100
Seattle, Washington 98101-3903
(206) 553-7970

plea of guilty is a period of probation of ONE (1) YEAR and a fine not to exceed TEN THOUSAND DOLLARS ($10,000), together with a mandatory penalty assessment of FIVE DOLLARS ($5) to be deposited into the Crime Victims Fund pursuant to Title 18, United States Code, Section 3013, INTREX HELICOPTERS, INC., agrees to pay the special assessment immediately prior to sentencing. INTREX HELICOPTERS, INC., understands that the sentencing guidelines promulgated by the United States Sentencing Commission are not applicable to this case, *see* U.S.S.G. § 1B1 9, and that the Court may order restitution to any victim of the offense. INTREX HELICOPTERS, INC., acknowledges that no one has promised or guaranteed what sentence the Court will impose, and it understands that it may not withdraw its guilty plea solely because of the sentence imposed by the Court.

3   *Rights Waived by Pleading Guilty.*—INTREX HELICOPTERS, INC., understands and acknowledges that, by pleading guilty, it knowingly and voluntarily waives the following rights:

       (a)   The right to plead not guilty, and to persist in a plea of not guilty;

       (b)   The right to be presumed innocent until guilt has been established at trial, beyond a reasonable doubt;

       (c)   The right to trial, and at that trial, the right to the effective assistance of counsel,

       (d)   The right to confront and cross-examine witnesses against it;

       (e)   The right to compel or subpoena witnesses to appear on its behalf;

       (f)   The right to appeal a finding of guilty or any pretrial rulings.

4   *Storage Costs.*—INTREX HELICOPTERS, INC., agrees to be responsible for storage costs incurred by the Federal Aviation Administration ("FAA"), in the amount of $28,405 for the cost of storing the helicopter bearing Serial No 2041 and Registration No. N1187W (the "Helicopter") from the date of its seizure to the present.

5   *Facts Underlying Guilty Plea.*— INTREX HELICOPTERS, INC., and the United States stipulate to the following facts underlying INTREX HELICOPTERS, INC.,'s guilty plea:

At all times material herein, INTREX HELICOPTERS, INC., was a corporate entity proposed and created by JAMES HOUSTON ANDERSON and owned equally by KIM STAFFORD POWELL and JAMES HOUSTON ANDERSON. INTREX HELICOPTERS, INC., was incorporated under the laws of the State of Washington. KIM STAFFORD POWELL was a broker of used aircraft parts KIM STAFFORD POWELL was also an officer and the first president of INTREX HELICOPTERS, INC., located in Bellingham, Washington.

UNITED STATES ATTORNEY
601 Union Street, Suite 5100
Seattle, Washington 98101-3903
(206) 553-7970

1    At all times material herein, JAMES HOUSTON ANDERSON was a commercial airline
     pilot and an officer of and, initially, secretary and, later, president of INTREX
2    HELICOPTERS, INC.

3    At a time unknown but sometime between April 30, 1996, and June 30, 1996, KIM
     STAFFORD POWELL and JAMES HOUSTON ANDERSON, officers of and acting on behalf of
4    INTREX HELICOPTERS, INC., met with each other, and Ricky Boatright, and, at this
     meeting, knowingly and willfully violated an FAA regulation by agreeing to create, and
5    subsequently creating, and causing to be created, certain false entries in an aircraft log
     book and engine log book for a helicopter that they had previously assembled, at least in
6    part, from spare and surplus military parts and that they had previously registered with the
     FAA under Registration No. N1187W. The falsified log book entries bore the dated
7    signature of the mechanic who purportedly did the work reflected in each of the entries;
     many of these signatures purported to be signatures of Kenneth E. Karateew, an FAA-
8    certified mechanic living in the Bellingham, Washington, area—a number of them dated
     well after May 6, 1994, the date on which Kenneth E. Karateew was killed in an airplane
9    crash.

10   These logbooks were then presented to and used by an FAA certified repair station
     inspector to complete a 100 hour and an annual inspection, which are required by FAA
11   regulations in order to maintain a helicopter's continued airworthiness.

12   *6   Waiver of Statute of Limitations as to Information.*—INTREX HELICOPTERS, INC.,

13   having been advised of the nature of the charge and of its rights; having been expressly advised

14   that the statute of limitations set forth in Section 3282 of Title 18 of the Untied States Code for

15   violation of Title 49, United States Code, Section 46316(a) is five (5) years from the date of the

16   occurrence of the alleged violation; and having been expressly advised that it could not be

17   prosecuted for any such offense that occurred more than five (5) years before the date of the

18   Information absent its express agreement to waive the statute of limitations, or operation of law

19   unrelated to its express agreement, INTREX HELICOPTERS, INC., knowingly and intelligently

20   waives its right to bar prosecution for the violation alleged in the Information.

21   *7   Additional Charges, Breach and Waiver.*—The United States agrees not to bring any

22   additional charges against INTREX HELICOPTERS, INC , or Kim Stafford Powell in the Western

23   District of Washington, based on evidence in the Government's possession at the time of this

24   Agreement and arising out of or relating to the charges contained in the Indictment and subject

25   to the provisions of paragraph 10 below, unless INTREX HELICOPTERS, INC., breaches this Plea

26   Agreement  In this regard, INTREX HELICOPTERS, INC , recognizes that the United States has

27   agreed not to bring additional criminal charges in this District solely because of this Agreement

28   and that if this Agreement is breached, the United States expressly retains the right to present to

PLEA AGREEMENT/INTREX HELICOPTERS, INC — 3

1  the Grand Jury for indictment all the criminal violations established by the evidence. INTREX
2  HELICOPTERS, INC., expressly waives its right to challenge the initiation of additional charges
3  against it arising out of the conduct described above, if it breaches this Plea Agreement.

4      *8  Agreement to Halt Certification Efforts, Restrictions on Future Business Activities —*
5  INTREX HELICOPTERS, INC , agrees to immediately and permanently cease all efforts to obtain
6  FAA certification as a civilian Bell Model 204B of the helicopter presently bearing Registration
7  No. N1187W and Serial Number 2041 (the "Helicopter"). INTREX HELICOPTERS, INC., further
8  agrees it will not oppose removal of the aircraft data plate and the fuselage component data
9  plate from the Helicopter and the surrender of them to the FAA.

10      INTREX HELICOPTERS, INC., agrees it will not in the future engage in the business of
11  acquiring/operating/brokering Bell Model 204B helicopters that have been substantially
12  destroyed, significantly damaged, or are otherwise defective to such a degree as to be ineligible
13  for a standard airworthiness certificate for the purpose of rebuilding, reassembling, or obtaining
14  certification or a standard airworthiness certificate for such aircraft. The Parties do not intend by
15  these restrictions to prevent INTREX HELICOPTERS, INC., from acquiring/operating/brokering an
16  intact and operational Model 204B that has a valid standard airworthiness certificate or from
17  performing the ordinary and necessary maintenance and repair that does not reach the level of
18  rebuilding an aircraft, or from brokering genuine Bell Model 204B parts.

19      *9  Release of Claims, Release of Helicopter* —The United States agrees to release all
20  possessory and monetary claims against the Helicopter. INTREX HELICOPTERS, INC., hereby
21  authorizes the United States to release the Helicopter to James Houston Anderson; the United
22  States agrees to do so promptly following sentencing.

23      *10  Charges Against INTREX HELICOPTER, INC., Officer Kim Stafford Powell.*—The
24  United States agrees to dismiss the present charges against Kim Stafford Powell at the time of
25  sentencing and will pursue no further charges against him in the Western District of Washington
26  based upon the evidence in its possession at the time of this Agreement and arising out of or
27  relating to the charges contained in the Indictment, provided that (1) INTREX HELICOPTER, INC.,
28  does not breach this Agreement; and (2) Kim Stafford Powell refrains, either directly or through

UNITED STATES ATTORNEY
601 Union Street, Suite 5100
Seattle, Washington 98101-3903
(206) 553-7970

1  any entity over which he exercises control, from engaging in activity that would violate the
2  restrictions set forth in paragraph 8 if the activity were engaged in by INTREX HELICOPTER, INC.

3  *11. Statute of Limitations, Waiver in Event of Breach.*—In the event that this Plea
4  Agreement is not accepted by the Court for any reason, or INTREX HELICOPTERS, INC., breaches
5  any term of this Agreement, the statute of limitations shall be deemed to have been tolled from
6  the date of this Plea Agreement (1) to the thirtieth day following the date of non-acceptance of
7  the Plea Agreement by the Court, or (2) to the thirtieth day following the date of the breach of
8  the Plea Agreement by INTREX HELICOPTERS, INC.

9  *12. Right to Speak at Sentencing, Provide Facts to Court.*— The Parties expressly
10  reserve the right to speak to the Court at the time of sentencing pursuant to Rule 32(c)(1) of the
11  Federal Rules of Criminal Procedure.  The United States further reserves the right to provide to
12  the Court, to the United States Probation Office, and to the defendant a statement of facts
13  relating to all the criminal conduct for which INTREX HELICOPTERS, INC., was responsible; the
14  Parties reserve the right to correct and comment on any misstatements of fact made in the course
15  of the presentence investigation or in the course of the sentencing or other proceedings.

16  *13. Good Behavior.*—INTREX HELICOPTERS, INC., agrees to obey all local, state, and
17  Federal laws between the time of pleading and sentencing, and to serve any sentence imposed by
18  the Court.

19  *14. Voluntariness of Plea.*—INTREX HELICOPTERS, INC., acknowledges that it has entered
20  this Plea Agreement freely and voluntarily, and that no threats or promises, other than the
21  promises contained in this Agreement, were made to induce it to enter this plea of guilty.

22  /
23  /
24  /
25  /
26  /
27  /
28  /

UNITED STATES ATTORNEY
601 Union Street, Suite 5100
Seattle, Washington 98101-3903
(206) 553-7970

15  *Complete Agreement* —The United States and INTREX HELICOPTERS, INC.,

acknowledge that the terms and conditions set forth above constitute the entire Plea Agreement

between the Parties and deny the existence of any other terms and conditions not stated herein.

DATED this 29th day of ___June___, 2001.


_____
INTREX HELICOPTERS, INC.
Defendant, by Kim Stafford Powell,
its authorized officer


_____
MARGARET M. SMITH
Attorney for Defendant INTREX
HELICOPTERS, INC.


_____
CARLTON F. GUNN
Attorney for Defendant INTREX
HELICOPTERS, INC


_____
KIM STAFFORD POWELL, Personally


_____
MARGARET M. SMITH
Attorney for Kim Stafford Powell


_____
CARLTON F. GUNN
Attorney for Kim Stafford Powell


_____
THOMAS C. WALES
Assistant United States Attorney


_____
ROBERT WESTINGHOUSE
Assistant United States Attorney

UNITED STATES ATTORNEY
601 Union Street, Suite 5100
Seattle, Washington 98101-3903
(206) 553-7970